UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RALPH SCREETON, IV                                                              PLAINTIFF

V.                              Case No. 4:23-CV-00009-LPR-BBM

MARTIN O'MALLEY[1], Commissioner,
Social Security Administration                                           DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.   INTRODUCTION

On January 5, 2023, Plaintiff Ralph Screeton, IV, ("Screeton") filed a *pro se* Complaint, seeking review of a social security disability or supplemental security income decision. (Doc. 2). The Commissioner of the Social Security Administration

---

[1] On December 20, 2023, Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner O'Malley is automatically substituted as the Defendant.

("Commissioner") filed a motion to dismiss Screeton's Complaint for lack of subject matter jurisdiction, alleging Screeton failed to exhaust available administrative remedies as required by law. (Docs. 5–6). In response, Screeton filed an amicus brief on September 5, 2023 (Doc. 11). For the reasons stated below, it is recommended that the Commissioner's Motion to Dismiss be granted and that Screeton's Complaint be dismissed, without prejudice, for lack of subject matter jurisdiction based on Screeton's failure to exhaust administrative remedies.

## II.   BACKGROUND

On August 10, 2022, the Social Security Administration ("SSA") sent notice to Screeton that it overpaid him for Social Security benefits in the amount of $13,818.30. (Doc. 6-1 at 2). The SSA informed Screeton that the overpayment needed to be paid back within 30 days and advised Screeton of his right to appeal. *Id*. at 2, 4. Screeton then submitted a request for reconsideration to the SSA. (Doc. 6-2). In response, on September 17, 2022, the SSA sent notice to Screeton that it had reconsidered his account and found its initial findings to be correct. (Doc. 6-3). The notice informed Screeton of his right to request a hearing before an Administrative Law Judge ("ALJ") if he disagreed with the SSA's determination. *Id*. at 3.

Without requesting a hearing, Screeton faxed an email on November 15, 2022, to the SSA, stating, "I have filed a grievance with the federal courts and the attorney general." (Doc. 6-4 at 1). On December 20, 2022, Screeton completed a Request for Waiver of Overpayment Recovery or Change in Repayment Rate (Doc. 6-5), and, on January 3, 2023, the SSA agreed to continue to pay Screeton's benefits until it could respond to his request

(Doc. 6-6). Notwithstanding, on January 5, 2023, Screeton, proceeding *pro se*, filed the instant civil action. (Doc. 2).

## III.  DISCUSSION

"Any individual, after any *final* decision of the Commissioner of Social Security *made after a hearing to which he was a party* . . . may obtain a review of such decision by a civil action . . . in the district court of the United States." 42 U.S.C. § 405(g)–(h) (emphasis added). In other words, while federal courts have jurisdiction to review final decisions of the Commissioner, they lack any subject manner jurisdiction until "administrative remedies have been exhausted." *Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experiences and expertise, and to compile a record which is adequate for judicial review." *Id.* at 693 (citations omitted).

In order to exhaust his administrative remedies, Screeton needed to complete a three-step process. Screeton completed the first step when he appropriately requested reconsideration of the Commissioner's initial decision requiring the return of the alleged overpayment of benefits. 20 C.F.R. § 416.1407. In the second step, Screeton should have requested an administrative hearing after the Commissioner denied his request for reconsideration. *Id.*; *see also* 20 C.F.R. § 416.1429. Finally, the third step required Screeton to request that the appeals council review the hearing decision. 20 C.F.R. § 416.1467. Only after completion of these three steps is the administrative review process exhausted. *See* 20

C.F.R. § 416.1481. Failure to complete the preceding steps renders the administrative determination binding. 20 C.F.R. § 404.905.

Screeton failed to exhaust his administrative remedies when he skipped steps two and three and filed this lawsuit instead of requesting an administrative hearing. There is no question from the record that Screeton knew he was entitled to an administrative hearing. In fact, Screeton attached correspondence to his amicus brief from the SSA, which explicitly states, "[i]f you disagree with this determination, you have the right, within 60 days . . . to request that the determination be reviewed by an administrative law judge. . . . If you request a hearing, please submit any additional information you have." (*See e.g.* Doc. 11 at 52). Because Screeton failed to complete steps two and three of the administrative-review process, his claim is unexhausted.

The Court notes there are exceptions to the exhaustion requirement under certain circumstances. Specifically, exhaustion is not required where a plaintiff raises a colorable constitutional claim collateral to his substantive claim of entitlement, shows irreparable harm would result from exhaustion, or shows that the purposes of exhaustion would not be served by requiring further administrative action. *Thorbus v. Bowen* 848 F.2d 901, 903 (8th Cir. 1988) (citing *Matthews v. Eldridge*, 424 U.S. 319, 329-31 (1976)).

Plaintiff argues in his amicus brief that the current process is detrimental "to [Plaintiff's] health, wellbeing, and are limiting his ability to access the same rights that every person in this nation are [sic] afforded" due to the collection of the overpayment and the lack of paid insurance premiums. (Doc. 11 at 1-2). The SSA, however, stopped collecting on the overpayment and reinstated full benefits to Screeton on January 3, 2023,

while the appeal process continued. (Doc. 6-6). Essentially, when Screeton filed this lawsuit, he was in the same position he was prior to the SSA's overpayment finding. Therefore, Screeton has not shown that an exception to the exhaustion requirement is warranted in this case.

## IV. CONCLUSION

Plaintiff failed to exhaust his administrative remedies as required by law. Consequently, this Court lacks subject matter jurisdiction; Defendant's Motion to Dismiss should be granted; and Plaintiff's Complaint should be dismissed without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendant's Motion to Dismiss (Doc. 5) be GRANTED.

2.    Plaintiff's Complaint (Doc. 2) be DISMISSED, without prejudice, for lack for subject matter jurisdiction.

DATED this 7th day of February, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

5